Judith LEON, Plaintiff–Appellant,

v.

QUINTILES TRANSNATIONAL COR-
PORATION, a North Carolina corpo-
ration; et al., Defendants–Appellees.

No. 07–55659.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 24, 2008.

Filed Nov. 19, 2008.

Stuart H. Sandhaus, Esquire, San Juan Capistrano, CA, for Plaintiff–Appellant.

David G. Halm, Esquire, Pettit Kohn Ingrassia & Lutz, Diana Ms. Tabacopoulos, Esquire, Seyfarth Shaw LLP, Los Angeles, CA, Michael I. Leonard, Esquire, Rachel S. Urquhart, Esquire, Meckler Bulger & Tilson, Chicago, IL, for Defendants–Appellees.

Before: CALLAHAN and IKUTA, Circuit Judges, and SHADUR *, District Judge.

### MEMORANDUM **

Judith Leon appeals the district court's order granting summary judgment in favor of Quintiles Transnational Corporation ("Quintiles"), Kemper National Services ("Kemper"), Kemper Lumbermens Mutual Casualty Company ("Lumbermans"), and related entities on claims arising from the denial of Leon's claim for benefits under a long-term disability plan provided by Quintiles, insured by Lumbermens, and administered by Kemper. Her claims are governed by the Employee Retirement Income Security Act ("ERISA"), and we have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm the district court's grant of summary judgment. Because the parties are aware of the facts in this case, we recount them only as necessary.

■ "We review de novo a district court's choice and application of the standard of review to decisions by fiduciaries in ERISA cases." *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 962 (9th Cir. 2006) (en banc). Here, the district court properly selected and applied the abuse of discretion standard, considering as a factor in its analysis the structural conflict of interest created by Kemper's role as claims administrator and as a subsidiary of Lumbermens, the plan's funding source. *Abatie*, 458 F.3d at 968 ("weighing a conflict of interest as a factor in abuse of discretion review requires a case-by-case balance"). That approach is consistent with the Supreme Court's decision in *Glenn. Metro. Life Ins. Co. v. Glenn*, —— U.S. ——, 128 S.Ct. 2343, 2346, 171 L.Ed.2d 299 (2008) (where an entity both determines eligibility for benefits and pays benefits out of its own pocket a conflict exists, and such conflict should be weighed as a factor in determining whether the administrator has abused its discretion in denying benefits).

---

* The Honorable Milton I. Shadur, Senior United States District Judge for the Northern District of Illinois, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

**560**

■ The district court did not err in according little weight to the conflict. It found that the conflict did not taint Kemper's decision, noting that Kemper allowed Leon to submit supplemental evidence after the deadline for the administrative appeal. Kemper even allowed Leon to pursue an untimely appeal of her unsuccessful claim for short-term disability benefits. The court properly determined that Kemper engaged in a good faith review of the evidence, and that Kemper did not abuse its discretion in concluding that the evidence did not reveal objective proof of Prinzmetal's angina.

Neither did the district court err in concluding that none of the alleged procedural irregularities dictated a heightened standard of review. *See Abatie*, 458 F.3d at 971 (where an administrator engages in "wholesale and flagrant violations of the procedural requirements of ERISA," de novo review is required). None of the alleged irregularities amount to violations of ERISA's requirements. Kemper did not give a "new" reason for denying Leon's claim on administrative appeal. Rather, it merely noted that because Leon did not qualify for short-term disability benefits, she was precluded from receiving long-term benefits. The determination that Leon did not have a qualifying disability during either the short-term period or long-term period does not reveal a new theory or reason for the denial, and is supported by the record.

■ Further, Kemper did not abuse its discretion in submitting Leon's late-filed evidence to Dr. Feldman for review and comment. Kemper properly sought input

from its medical consultant in order to conduct an informed review of Leon's supplemental evidence. Kemper was not required to allow Leon to challenge Dr. Feldman's comments after the close of evidence. *See Silver v. Exec. Car Leasing Long–Term Disability Plan*, 466 F.3d 727, 732 n. 2 (9th Cir.2006) (in order for an insurer to evaluate an appeal fairly, it must wait until the claimant submits all its materials, otherwise there would be "interminable back-and-forth" between the administrator and claimant).

■ Leon's claim that Kemper conditioned receipt of benefits on her submission to an arguably dangerous test (ergonovine catheterization), and that this condition was a procedural irregularity requiring de novo review or reduced deference to Kemper's decision, is unavailing.[1] In its initial denial letter, Kemper indicated that Leon's claim for benefits was denied because she failed to provide objective evidence of Prinzmetal's angina. The letter advised Leon that her appeal should include objective medical data such as diagnostic test results, and indicated that "relevant documentation would include, but not be limited to" a psychiatric evaluation regarding her ability to handle stress, and a "cardiac catheterization with ergonovine study." Although inartfully drafted, the letter indicates that the ergonovine catheterization was just one of a number of tests or objective signs that could be used to demonstrate that Leon had Prinzmetal's angina. Significantly, the medical literature Leon submitted in connection with the administrative appeal indicates various other objective signs and tests that can

---

1. Leon's more general claim that Kemper improperly required objective evidence at all is also unavailing. The plan gave Kemper discretion to determine whether "proof ... [was] satisfactory for receipt of benefit payments." That provision fairly contemplates a requirement of objective evidence where, as here, tests to confirm a diagnosis are available. Moreover, in the initial denial letter, Kemper advised Leon that she was required to submit objective evidence to support her diagnosis and claim of disability.

conclusively demonstrate Prinzmetal's angina. Leon's own medical records do not include such signs or evidence that she took these additional tests.

In light of Leon's failure to present objective evidence of her alleged disability, despite notice that she was required to do so, the district court properly concluded that Kemper did not abuse its discretion in denying Leon's claim for long-term disability benefits. The alleged procedural irregularities, to the extent there were any, did not require de novo review.[2]

Because we conclude that Kemper did not abuse its discretion, we need not reach Kemper's argument that Leon's suit is barred by the plan's contractual limitations period.

**AFFIRMED.**

[2]. On appeal, Leon raises a number of other alleged procedural irregularities, which she did not raise in the district court. These arguments are waived, and the panel will not consider them. *See Smith v. Marsh,* 194 F.3d 1045, 1052 (9th Cir.1999) ("[A]n appellate court will not consider issues not properly raised before the [trial] court.").

